IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY HARPER, <br><br> Plaintiff, <br><br> v. <br><br> IRVING CLUB ACQUISITION CORP. D/B/A LAS COLINAS COUNTRY CLUB AND CLUBCORP, INC., <br><br> Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**:

COMES NOW, Defendant Irving Club Acquisition Corp., d/b/a Las Colinas Country Club ("Defendant"), and pursuant to 28 U.S.C. § 1332, 1441(b), and 1446, files this Notice of Removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division of the action numbered and styled *Jerry Harper v. Irving Club Acquisition Corp., d/b/a Las Colinas Country Club and ClubCorp, Inc.*; Cause No. DC-22-05235; In the 95th Judicial District Court of Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show unto the Court as follows:

## I.
## REMOVAL IS TIMELY

1. Defendant Irving Club Acquisition Corp., d/b/a Las Colinas Country Club was served with Plaintiff's Original Petition (the "Petition") on June 2, 2022. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed pursuant to section 1446(b) of the United States Code. 28 U.S.C.§ 1446(b). Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendant, and no Defendant is a citizen of the same state. As a result, complete diversity exists.

3. Plaintiff Jerry Harper was a citizen of the State of Louisiana at the time this action was filed. Consequently, Plaintiff Jerry Harper was at the time this action was commenced, and is currently, a citizen of the State of Louisiana.

4. Defendant Irving Club Acquisition Corp d/b/a Las Colinas Country Club, is a corporation formed under the laws of the State of Texas, having its principal place of business now, and at the time this action was commenced, in the State of Texas. Defendant Irving Club Acquisition Corp d/b/a Las Colinas Country Club is now, and was at the time this action was commenced, a citizen of the State of Texas.

5. Defendant ClubCorp, Inc., is a corporation formed under the laws of the State of Delaware, having its principal place of business now, and at the time this action was commenced, in the State of Texas. Defendant ClubCorp, Inc. is now, and was at the time this action was commenced, a citizen of the State of Delaware and the State of Texas.

## III.
## AMOUNT IN CONTROVERSY

6. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required

to include a specific monetary demand or permit damages in excess of the pleadings. *Id*. §1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. Id. § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. See *McPhail*, 529 F.3d at 955.

7. A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff alleges damages and seeks relief over $250,000.00 but no more than $1,000,000.00 (Pl. Orig. Pet., Sec. 2.1). The Petition alleges that Plaintiff Jerry Harper injured his knee and back in the incident made the basis of this lawsuit. (Pl Orig. Pet., Sec. 5.2). As a result of the incident Plaintiff Jerry Harper alleges he was injured and makes a claim for damages to include past and future: pain and mental anguish; physical impairment; and disfigurement. (Pl. Orig. Pet., Sec. 7.1).

8. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing*, 11 F.3d 55, 58 (5th Cir. 1993). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

9. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring

the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level III Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.3 (Pl. Orig. Pet., Sec. 1.1). Plaintiff has not affirmatively plead damages of $100,000.00 or less in this action. Defendant asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $250,000.00. (Pl. Orig. Pet., Sec. 2.1). Defendant asserts that the amount in controversy in this case is in excess of $250,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

10.     Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

11.     By virtue of filing this Notice of Removal, the Removing Defendant does not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

12.     All of the papers on file in the State Court case at the time of removal are attached hereto as **Exhibit 2**. Those papers include copies of the Court's Docket Sheet, Plaintiff's Original Petition, and all documents served on Defendant.

13.     Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. §1446(d).

14.     Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the District Clerk for the 95th Judicial District Court in Dallas County,

Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 95th Judicial District Court in Dallas County, Texas to this Court, on this the 5th day of July, 2022.

Respectfully submitted,

By:   /s/ William M. Toles
**WILLIAM M. TOLES**
State Bar No. 00798550
**PETER C. HOGUE**
State Bar No. 24096933

**MUNSCH HARDT KOPF & HARR, PC**
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
wtoles@munsch.com
phogue@munsch.com

**ATTORNEYS FOR DEFENDANT
IRVING CLUB ACQUISITION CORP., D/B/A
LAS COLINAS COUNTRY CLUB**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of July, 2022, a true and correct copy of the foregoing document was forwarded via e-service through the ECF system to counsel for Plaintiff:

Todd Clement
Ragan N. Speer
Clement + Speer
17855 Dallas Parkway, Suite 155
Dallas, Texas 75287
todd@clementspeer.com
ragan@clementspeer.com

    /s/ William M. Toles
**WILLIAM M. TOLES**