IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY HARPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01445-E |
| | § | |
| IRVING CLUB ACQUISITION CORP et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

The Court has an obligation to examine its subject-matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Subject-matter jurisdiction may not be waived. *See Ruhrgas AG*, 526 U.S. at 583. Defendants removed this case to federal court on July 5, 2022, based on diversity jurisdiction. (ECF Nos. 1, 2). On August 8, 2023, the Court expressed concerns on whether the case met the jurisdictional threshold for subject-matter jurisdiction; the Court instructed Defendants to supplement their notice of removal. (ECF No. 31). Since then, Plaintiff Harper filed a stipulation, (ECF No. 32), and Defendant filed an Amended Notice of Removal, (ECF No. 33). For the reasons enumerated hereunder, the Court immediately REMANDS this case to the 95th Judicial District Court of Dallas County, Texas.[1]

---

[1] Harper filed his original petition in the 95th Judicial District Court of Dallas County, Texas—styled *Jerry Harper v. Irving Club Acquisition Corp. d/b/a Las Colinas Country Club and ClubCorp, Inc.*, Cause No. DC-22-05235.

## I. BACKGROUND

### A. Procedural History

As alleged and stipulated, this dispute arises from a slip and fall that occurred on November 13, 2020. (ECF No. 2-5 at 5-10; ECF No. 27 at 1). Harper filed suit against Defendants in the 95th Judicial District Court of Dallas County, Texas on May 17, 2022. (ECF No. 2-5 at 5). Regarding an amount in controversy, Harper pleaded that (i) "[d]amages in this case exceed $50,000 and it is complex[]" and (ii) "Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 plus a judgment for all other relief to which Plaintiff is entitled." (ECF No. 2-5 at 5). Harper alleged:

> JERRY HARPER and his group stopped . . . to use the restroom. As JERRY HARPER entered the restroom with Chad, Jerry Harper did not see the water on the floor, slipped on it and fell to the floor with great force hitting his knee and injuring his knee and back (hereinafter the "Fall").
> . . . .
> As a result of the Fall, JERRY HARPER suffered damages in the form of past and future:
>     a. Pain and mental anguish;
>     b. Physical impairment and
>     c. Disfigurement.

(ECF No. 2-5 at 7-8). Harper alleged no other factual allegations regarding the amount in controversy. (*See* ECF No. 2-5 at 5-10).

On June 27, 2022, each Defendant answered in the 95th Judicial District Court—both asserting a general denial and jury demand. (ECF No. 2-5 at 24-29).[2] On July 5, 2022, Defendants timely removed this case to federal court. (ECF No. 1). On July 21, 2022, the Court entered a scheduling order, which promulgated a September 15, 2022, deadline for the amendment of

---

[2] A "general denial constitutes an answer pursuant to Texas state law." *King v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-825, 2019 WL 1951455, at *2 (E.D. Tex. May 2, 2019); TEX. R. CIV. P. 85 ("***The original answer may consist*** of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas; of special exceptions, ***of general denial***, and any defense by way of avoidance or estoppel, and it may present a cross-action, which to that extent will place defendant in the attitude of a plaintiff.") (emphasis added in bold).

pleadings. (ECF No. 9 at 1-3). Harper has proceeded on his state-court pleading: the Original Petition. (*See* ECF No. 2-5 at 5-10). Defendants have also proceeded on their respective state-court answers. (*See* ECF No. 2-5 at 24-29). No Party filed any pleading after removal.

### B. Removal Concerns

On August 8, 2023, the Court entered an order expressing concerns with the removal—particularly whether the Parties met the jurisdictional threshold relating to amount in controversy for a case brought before federal court based on diversity jurisdiction. (ECF No. 31). *Inter alia*, the Court explained:

> Here, Plaintiffs' allegation that damages exceed $50,000 and that Plaintiffs seek monetary relief "over $250,000 but not more than $1,000,000," without more, is an insufficient jurisdictional allegation. *See Greenberg*, 134 F.3d at 1253. Furthermore, upon examination of the Plaintiff's only pleading, the Court must conclude that it is not "facially apparent" that the claims exceed the jurisdictional amount. (ECF No. 2-5 at 5-10).
> . . .
> [T]he Court is not satisfied that Defendant Irving Club Acquisition Corp. and ClubCorp Inc. has carried its burden to prove that the amount in controversy exceeds $75,000 as to each Defendant. *Garcia*, 351 F.3d at 638-39. The Court instructs Defendant Irving Club Acquisition Corp. to submit a supplement to the notice of removal on or before September 8, 2023.

(ECF No. 31 at 2-3). On August 22, 2023, Harper filed a "stipulation" that states:

> As he entered the locker room bathroom, Jerry fell due to mop water on the tile floor. Jerry Harper fell with great force on his right knee which resulted in immediate pain and swelling. Jerry Harper had a pre-existing condition in his knee that was not causing any symptoms prior to the fall which made him more susceptible to injury than a person without that condition. As a result of the pain from the Fall, Jerry Harper eventually required knee replacement surgery as testified to by his orthopedic surgeon, Dr. Charles Texada, MD. As a result of the Fall and Las Colinas' negligence causing the Fall, Jerry Harper has suffered and will continue to suffer in the future significant pain as well as mental anguish and physical impairment because he cannot do, has difficulty doing as before or suffers significant pain from doing many of the activities he did before the Fall such as playing golf, interacting with family, attending events, working as a pharmacist, dancing and exercising. He also has unsightly scarring from the knee surgery.
>
> [] As a result of the fall and Las Colinas's stipulated negligence, ***Jerry Harper is seeking damages for past and future pain, mental anguish, physical impairment, and disfigurement greatly in excess of $75,000***.

(ECF No. 32 at 2-3) (emphasis added in bold and italics).[3] On August 22, 2023, Defendants filed their Amended Notice of Removal, which (i) avers generally to Harper's "stipulation" and (ii) further briefs amount in controversy. (ECF No. 33). No Party filed evidence. Having been fully briefed, the Court REMANDS this case for the reasons discussed, hereunder.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

Defendants removed this case based on diversity jurisdiction per 28 U.S.C. § 1332. (ECF Nos. 1, 2, 33). Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). This Court can exercise jurisdiction based on diversity of citizenship if three requirements are met: (i) the parties are of completely

---

[3] This "stipulation" contains neither certificate of conference nor any other indication that Defendants opposed, unopposed, or agreed with the "stipulation." (ECF No. 32).

diverse citizenship, *see* 28 U.S.C. § 1332(a); (ii) the case involves an amount in controversy greater than $75,000; and (iii) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b). The party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638-39 (5th Cir. 2003). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). "[B]are allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation omitted). Indeed, the Fifth Circuit has instructed:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. **The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. Importantly, the jurisdictional facts must be judged as of the time the complaint is filed**; subsequent events cannot serve to deprive the court of jurisdiction once it has attached.

*Greenberg*, 134 F.3d at 1253–54 (footnotes omitted) (emphasis added in bold); *see Manguno*, 276 F.3d at 723 ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.") (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)).

### III.   ANALYSIS

The Parties' citizenship is not at issue; the Parties have diversity of citizenship. As discussed above and previously ordered, the Court's concerns related solely to the amount in controversy. Here, Harper's pleading alleges no specific amount of damages. *See Greenberg*, 134 F.3d at 1253–54. Thus, the Court must first examine Harper's pleading to determine whether it is "facially apparent" that Harper's claims exceed $75,000. *Greenberg*, 134 F.3d at 1253–54. If it is not "facially apparent" from the pleading that the jurisdictional amount is met, the Court may rely on "summary judgment-type evidence to ascertain the amount in controversy." *Greenberg*, 134 F.3d at 1253–54.

Defendants brief three bases for meeting the jurisdictional amount: (i) that it is "facially apparent" from Harper's pleading about his damages sought that the amount in controversy exceeds $75,000; (ii) that Harper's choice of Level 3 discovery in his state court pleading supports the jurisdictional amount; and (iii) that evidence exists to support the jurisdictional amount. The Court next addresses each of these three bases. Lastly, the Court addresses Plaintiff's stipulation as to the amount in controversy.

**A. Whether It Is "Facially Apparent" That the Amount in Controversy Exceeds the Jurisdictional Amount as Ascertained from Harper's Damages Sought**

Defendants first assert it is "facially apparent" that the amount in controversy exceeds $75,000 based on the amount of damages Harper has sought in his pleading.[4] Defendants first compare Harper seeking "monetary relief over $250,000 but not more than $1,000,000" in the instant case with another district court's determination that a party seeking "over $100,000 but not more than $200,000 . . . met [the] burden of showing that it is facially apparent from the Original Petition that the amount in controversy exceeded $75,000 at the time of removal. *Compare* (ECF

---

[4] As discussed above, Harper's pleading contains no specific request for damages.

No. 2-5 at 5-10), *with Arriaga v. Midland Funding LLC*, No. 3:14-CV-04044-M, 2015 WL 567264, at *3 (N.D. Tex. Feb. 11, 2015).

However, *Arriaga* is inapplicable to the instant case. First, the underlying claim in *Arriaga* alleged specified "fraud on the Texas court that rendered judgment against Arriaga, in violation of Chapter 12 of the Texas Civil Practice and Remedies Code," which related to previous and continuing use of a "fraudulent judgment in its business of managing and selling interest in . . . asset backed securities." 2015 WL 567264, at *1. Second, the *Arriaga* Court determined the amount in controversy in that case exceeded $75,000 after aggregating—as alleged—that plaintiff's theory of joint and several liability against the Midland Defendants. 2015 WL 567264, at *3. Third, the *Arriaga* plaintiffs limited their recovery to $200,000. 2015 WL 567264, at *3.

Unlike in *Arriaga*, the instant case is a slip and fall in which the pleaded factual allegations are—by comparison—of little specificity. (*See* (ECF No. 2-5 at 7-8). Moreover, the pleading(s) that Harper seeks damages that exceed the jurisdictional amount in controversy cannot substantiate removal as "[r]emoval . . . cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335. Harper's pleading provides no further information on the monetary value of Harper's claims—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Harper's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000. *See, e.g., Zielinski v. Allstate Fire & Cas. Ins. Co.*, No. 3:22-CV-71-L, 2022 WL 2118981, at *5 (N.D. Tex. June 13, 2022) (noting that the use of the word "severe" to describe a plaintiff's injuries "is a relative term that is amorphous when not accompanied by supporting factual allegations").

The Fifth Circuit has determined that the facially apparent test was not met when a plaintiff pleaded similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-

51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and plaintiff's husband's alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding that claims exceeded $75,000 when plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization"). Under the circumstances here, the Court must conclude that it is not "facially apparent" from Harper's damages sought and alleged facts in his pleading that the amount in controversy exceeds $75,000.

### B. Level 3 Discovery and the Jurisdictional Amount

Defendants next assert "it is facially apparent that Plaintiff's claims exceed $75,000 [as] supported by the fact that Plaintiff asks that discovery be conducted under a Level 3 discovery plan rather than the expedited discovery process available under Level 1." (ECF No. 33 at 3). As briefed, "Level 3" refers to Texas Rule of Civil Procedure 190.4, Discovery Control Plan—By Order (Level 3). Tex. R. Civ. P. 190.4. Texas Rule of Civil Procedure 190.4 provides, in full:

> (a) Application. The court must, on a party's motion, and may, on its own initiative, order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of the specific suit. The parties may submit an agreed order to the court for its consideration. The court should act on a party's motion or agreed order under this subdivision as promptly as reasonably possible.
>
> (b) Limitations. The discovery control plan ordered by the court may address any issue concerning discovery or the matters listed in Rule 166, and may change any limitation on the time for or amount of discovery set forth in these rules. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless specifically changed in the discovery control plan ordered by the court. The plan must include:
>
>> (1) a date for trial or for a conference to determine a trial setting;

>   (2) a discovery period during which either all discovery must be conducted or all discovery requests must be sent, for the entire case or an appropriate phase of it;
>
>   (3) appropriate limits on the amount of discovery; and
>
>   (4) deadlines for joining additional parties, amending or supplementing pleadings, and designating expert witnesses.

Tex. R. Civ. P. 190.4. In support of their Level 3 discovery and amount in controversy theory, Defendants refer the Court to a district court that has discussed a plaintiff's "choice to conduct Level 2 discovery" as relevant to the amount in controversy analysis. *Cotton v. Kroger Texas L.P.*, No. 4:19-CV-730, 2019 WL 6878828, at *3 (E.D. Tex. Dec. 17, 2019). However, *Cotton* is inapposite as Harper had sought Level 3 discovery—not Level 2 discovery. *See* 2019 WL 6878828, at *3; *see generally* Tex. R. Civ. P. 190.3 (enumerating discovery control plan by rule—Level 2). As discussed in *Cotton*, the Court considers the choice of discovery level as "'informative but not dispositive' of whether the amount in controversy is met." 2019 WL 6878828, at *3. Texas Rule of Civil Procedure 190.4 is completely devoid of any calculational or jurisdictional discussion; no portion of Texas Rule of Civil Procedure 190.4 contains any discussion of or requirement for any amount in controversy or amount sought in damages. *See* Tex. R. Civ. P. 190.4. Thus, the Court rejects such a theory—that Level 3 discovery supports the amount in controversy calculation—under these circumstances.[5] The Court must conclude that Harper's

---

[5] The Court recognizes that another district court has discussed a plaintiff's pursuit of Level 3 discovery as supportive of meeting the jurisdictional amount:

>   Level 3 discovery is designed for complex cases involving greater damages and discovery than could be easily accommodated by the lower-level discovery control plans and indicates that the amount in controversy is high.

*Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1113 (S.D. Tex. 2020) (internal quotation omitted). However, for the same reasons discussed above, the Court rejects such a theory in this circumstance.

selection of Level 3 discovery in his state-court petition does not support a determination that the amount in controversy exceeds $75,000.

### C. Evidence to Support Amount in Controversy

The Court's August 8, 2023 order referenced that the Court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. (ECF No. 31 at 2) (citing *Greenberg*, 134 F.3d at 1253–54). Defendants' response contains the following:

> In addition, Plaintiff's **demand** and **deposition testimony** confirm that the amount in controversy exceeds $75,000. Plaintiff seeks damages for physical impairment, mental anguish, pain and suffering, and disfigurement. *See* Pl.'s Original Pet. ¶ 7. Moreover, according to Plaintiff, he sustained substantial injuries and endured significant pain. ***Ex. A, Ex. B, at 66, 76 – 86.*** Plaintiff underwent a right total knee replacement and claims significant loss of enjoyment of life, amongst other things. ***Ex. B, at 66, 76 – 86. Moreover, in his most recent demand, Plaintiff demanded $675,000 to settle the case. Ex. A at 14.*** Lastly, Plaintiff stipulated that he seeks over $75,000 in damages, excluding interest and costs. ***Ex. C.***
>
> [] In sum, it is facially apparent from the petition that Plaintiff's claims exceed $75,000. This is further supported by ***evidence*** of ***Plaintiff's*** pleadings, ***deposition testimony, demands, and stipulation.*** Accordingly, the amount in controversy is over $75,000, excluding interest and costs.

(ECF No. 33 at 4) (emphasis added in bold and italics). Although Defendants refer to exhibits A, B, and C in their Amended Notice of Removal, this filing neither contains neither exhibits nor attaches a corresponding appendix. (*See* ECF No. 33). Plaintiff's stipulation notwithstanding, no Party has filed any such evidence, corresponding documents, or appendices with the Court. Thus, no "summary judgment-type" evidence exists before the Court upon which the Court may ascertain the amount in controversy. *See Greenberg*, 134 F.3d at 1253–54.

### D. Plaintiff's Stipulation to the Jurisdictional Amount

Apart from Defendant's general references to Harper's stipulation on the amount in controversy, discussed above, no Party briefs this stipulation. (*See* ECF No. 32). The Court has found no law in support of a plaintiff's post-removal stipulation—that he seeks *more than*

$75,000—serving as a basis upon which the Court may determine the jurisdictional amount. In effect, Harper seeks to consent to federal jurisdiction.[6]

The Court recognizes the inverse—a plaintiff stipulating to recovery of damages *less than* $75,000—has bound plaintiffs, thereby defeating diversity removal. *See Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1060-61 (5th Cir. 2022) (determining that diversity removal is defeated if the plaintiff expressly stipulates that his damages are less than $75,000.00).[7] In *Durbois*, the Fifth Circuit explained, in the context of a plaintiff's stipulation to recovery of damages *less than* $75,000:

> These stipulations can be binding even when the defendant disputes them. ***That's because when the plaintiff states the fact that it is not seeking more than a particular amount and that it will not accept more than that amount, the legal consequence is that the court may not order more than that amount.*** The binding nature of the plaintiff's statement does not depend on the defendant because in these circumstances, the amount in controversy turns only on (a) the plaintiff's demand and (b) the trial court's ability to limit the plaintiff to that demand.

37 F.4th at 1061 (emphasis added in bold and italics). Here, Harper's stipulation that he seeks *excess* of $75,000 in damages (i) neither binds Harper to any amount of damages (ii) nor binds the Court's ability to limit Harper to that demand. (*See* ECF No. 32). Harper's stipulation that he seeks

---

[6] As noted above, Defendants did not sign or otherwise indicate agreement with Harper's stipulation on the amount in controversy in a manner that would legally bind Defendants.

[7] On this point of a Plaintiff's avenues in avoiding removal to federal Court, the Fifth Circuit further discussed:

> The amount-in-controversy requirement is no exception. **The Supreme Court in 1938 emphasized that "[i]f [the plaintiff] does not desire to try his case in the federal court[,] he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."** *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Recently, the Supreme Court reaffirmed that principle: "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire*, 568 U.S. at 595, 133 S.Ct. 1345. **"[T]he key characteristic about those stipulations is that they are legally binding on all plaintiffs."** *Ibid.*

*Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060–61 (5th Cir. 2022) (emphasis added in bold).

damages in excess of $75,000 is akin to his pleading that he seeks monetary relief over $250,000 but not more than $1,000,000—both assertions are bare allegations of jurisdictional facts, insufficient to invest the Court with jurisdiction. *Greenberg*, 134 F.3d at 1253; *see also Allen*, 63 F.3d at 1335. In other words, Harper's stipulation serves little—if any—legal consequence. *See Durbois*, 37 F.4th at 1060 ("Consent of parties cannot give the courts of the United States jurisdiction[.]").[8] Indeed, were the Court to rely on such a stipulation for the jurisdictional amount—citizenship notwithstanding—plaintiffs could reach federal jurisdiction by merely averring a desire for damages in excess of $75,000.

Harper's stipulation is neither verified, nor accompanied by supporting affidavit, nor supported by any other evidence. Indeed, neither Harper's stipulation nor any evidence shows the jurisdictional amount was met at the time of removal on July 5, 2022. *See Manguno*, 276 F.3d at 723. Assuming *arguendo* that the Court were to accept the recitation of facts included in Harper's stipulation, such purported facts that relate to the amount in controversy (i) are conclusory and (ii) are not sufficient to substantiate removal. (*See, e.g.*, ECF No. 32 at 2-3) ("Jerry Harper has suffered and will continue to suffer in the future significant pain as well as mental anguish and physical impairment because he cannot do, has difficulty doing as before or suffers significant pain from doing many of the activities he did before the Fall . . . He also has unsightly scarring from the knee surgery."); *Greenberg*, 134 F.3d at 1253; *Allen*, 63 F.3d at 1335; *Simon*, 193 F.3d at 850-51; *see generally*, *Zielinski*, 2022 WL 2118981, at *5.[9] For those reasons, the Court must conclude Harper's stipulation does not support a determination that the amount in controversy exceeds $75,000.

---

[8] Harper's stipulation contains no discussion of specific damages.

[9] As pled, Plaintiff has not sought specific recovery for medical bills. (*See* ECF No. 2-5 at 5-10).

### IV.   CONCLUSION

For the reasons enumerated hereabove, the Court concludes Defendant has failed to carry its burden to demonstrate the second element of diversity jurisdiction, relating to the amount in controversy. The Court lacks subject-matter jurisdiction, and the Court's doubts regarding jurisdiction shall be resolved in favor of remand. *See Gutierrez*, 543 F.3d at 251. Therefore, the Court immediately REMANDS this case to the 95th Judicial District Court of Dallas County, Texas, Cause No. DC-22-05235.

**SO ORDERED.**

13th day of September, 2023.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE